IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-3442 |
| | : | |
| v. | : | |
| | : | |
| BRIAN S. JONES, INTERNAL REVENUE SERVICE, WILLIAM M. PAUL, BRUCE K. MENEELY, NANCY B. ROMANO, HARRY J. NEGRO, DOUGLAS H. SHULMAN, MARK W. EVERSON, CHARLES O. ROSSOTTI, JOHN KOSKINEN, DAVID J. KAUTTER, R.B. SIMMONS, and MICHAEL WRIGHT, All in their Official and Individual Capacities, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                     September 21, 2018

      The Internal Revenue Service placed liens on the *pro se* plaintiff's assets due to balances he owed for taxable years 2006 and 2007. Apparently, this ultimately resulted in IRS levies and the seizures of certain amounts of the plaintiff's funds on a monthly basis since January 2018. The plaintiff attempted to contest the levies and the underlying tax liens in the United States Tax Court, but, upon motion by the IRS, the Tax Court dismissed his *pro se* petition for lack of jurisdiction.

      The plaintiff has now commenced this action by filing an application to proceed *in forma pauperis* and a proposed complaint. In the complaint, he asserts that this court has diversity jurisdiction over this action and he identifies various state-law claims against the IRS and numerous individuals that are apparently IRS employees or agents. The plaintiff seeks monetary damages and various forms of declaratory and injunctive relief.

As explained in more detail below, to the extent that the plaintiff is seeking a review of the Tax Court's decision dismissing his petition, this court lacks jurisdiction to consider his claims because the Courts of Appeals have exclusive jurisdiction to review decisions of the Tax Court. In addition, the plaintiff has failed to include sufficient allegations to invoke this court's diversity jurisdiction because he has not included any allegations about the citizenship of any defendant and the IRS is entitled to sovereign immunity. Accordingly, although the court will grant the plaintiff's application to proceed *in forma pauperis*, the court will dismiss the complaint without prejudice to the plaintiff to file an amended complaint to the extent that he can include allegations that would invoke this court's subject-matter jurisdiction.

### I. ALLEGATIONS AND PROCEDURAL HISTORY

It appears that the *pro se* plaintiff, Edward Thomas Kennedy ("Kennedy"), filed a petition against the Commissioner of the Internal Revenue Service in the United States Tax Court on June 11, 2018. *See Kennedy v. Comm'r of Internal Revenue*, No. 011586-18 (U.S. Tax Ct.).[1] On August 3, 2018, the Commissioner, through its counsel, Brian S. Jones, Esquire, who is a named defendant in the instant action, filed a motion to dismiss for lack of jurisdiction. *See* Compl., Ex. 2, Doc. No. 2.[2] In the motion, the Commissioner argued that the tax court lacked jurisdiction because

> no notice of determination authorized by I.R.C. §§ 6320 or 6330, to form the basis for a petition to this Court, has been sent to [Kennedy] with respect to taxable years 2001 through 2017, nor has respondent made any other determination with respect to [Kennedy's] taxable years 2001 through 2017 that would confer jurisdiction on this Court.

Compl., Ex. 2 at ECF p. 29.

---

[1] A copy of the docket entries in this Tax Court matter can be located at: https://www.ustaxcourt.gov/UstcDockInq/DocketDisplay.aspx?DocketNo+18011586.
[2] Kennedy attached a copy of the motion to the complaint. *See* Compl., Ex. 2.

The Commissioner also described Kennedy's underlying petition in the motion.[3] In this regard, the Commissioner indicated that Kennedy had asserted four causes of action: trespass; trespass on this case; trespass on this case—vicarious liability; and failure to provide a republican form of government. *See id.* at ECF p. 30. Kennedy also "characterize[d] several high ranking government officials and the Internal Revenue Service in general as 'bandits.'" *Id.*

The Commissioner construed Kennedy's petition as an "attempt[] to challenge the appropriateness of the alleged filing of Federal Tax Liens for the taxable years 2001 through 2017." *Id.* at ECF p. 31. Apparently, the Commissioner retrieved transcripts for taxable years 2001 through 2017 and determined that Kennedy had balances owed for the taxable years 2006, 2007, and 2016. *Id.* On April 8, 2011, the IRS placed liens on Kennedy's assets "due to balances owed for taxable years 2006 and 2007." *Id.* On April 12, 2011, the Commissioner "issued a Notice of Lien Filing and right to Collection due process hearing as to taxable years 2006 and 2007." *Id.* at ECF pp. 31-32. Kennedy did not request a due process hearing, so the Commissioner "did not make or issue a determination that would confer jurisdiction to the Court as to the liens that were filed for taxable years 2006 and 2007. *Id.* at ECF p. 32. As for the taxable year 2016, the Commissioner's records indicated "that no collection action has been taken as to [Kennedy's] unpaid balance." *Id.*

On August 6, 2018, the Tax Court ordered Kennedy to file a response to the motion to dismiss for lack of jurisdiction. *See* Docket, *Kennedy v. Comm'r of Internal Revenue*, No. 011586-18 (U.S. Tax. Ct.). Kennedy filed his objection to the motion the next day. *See id.* On August 8, 2018, Chief Judge Foley entered an order granting the motion to dismiss for lack of jurisdiction. *See id.* It appears that Kennedy filed an appeal from this decision to the United States Court of Appeals for the Third Circuit. *See id.*

---

[3] Although Kennedy attaches a document titled "Law of the Case" to the complaint, he did not attach the petition.

3

On August 13, 2018, Kennedy brought the instant action by filing an application for leave to proceed *in forma pauperis* (the "IFP Application") and a proposed complaint. *See* Doc. Nos. 1, 2. In the complaint, Kennedy asserts that the court has diversity jurisdiction over this matter. *See* Compl. at 1, Doc. No. 2. He seeks to have the court "Order Defendants to Stop Stealing from [him], Return all Stolen Funds . . . to [him] Nunc Pro tunc, Remove all Tax Liens and Tax Levies nunc pro tunc, and pay [him] damages for his injuries described in the six Causes of Action herein." *Id.* at 2.

Regarding the substantive allegations in the complaint, Kennedy claims that he does not have a contract with the IRS, which he characterizes as a debt collector that is unlicensed to act as such in the Commonwealth of Pennsylvania. *See id.* He claims that the Internal Revenue Code is not law "and have [sic] no lawful status in this court of record." *Id.* He also believes that "no Defendant Commissioner Internal Revenue Service have a lawful oath of office, which invalidates [the IRS's] tax levy, tax liens and claims for funds against [him]." *Id.* at 2-3.

Kennedy also notes that while before the Tax Court he "objected to the fact Modern Attorney Jones and his Modern Attorney bosses failed to declare and/or swear under penalty of perjury that their paperwork is true and correct, probable evidence of their intent to lie, mislead, misconstrue, misrepresent and/or put false information into the US [sic] Tax Court." *Id.* at 3. Nonetheless, "Modern Attorney Brian S. Jones and his Modern Attorney bosses did put false data into the case, and thus lied, mislead [sic], misconstrued, misrepresented information into the United States Tax Court." *Id.* In addition, as Kennedy believes that the Internal Revenue Code is not relevant in the Tax Court (insofar as it is purportedly a court of record and not an administrative court), the defendants exceeded their jurisdiction when Brian S. Jones "pleaded statutes and codes." *See id.*

Kennedy asserts that IRS employees or agents have stolen funds from him on seven occasions since January 2018.[4] *See id.* at 5, 9. More specifically, it appears that the defendants have taken approximately $238.95 per month from him. *See id.* at 9. These acts purportedly deprived Kennedy of his liberty. *See id.*

Based on the aforementioned allegations, Kennedy asserts six causes of action: (1) trespass, (2) trespass on the case, (3) "trespass on the case—vicarious liability," (4) "failure to provide a republican form of government," (5) trover, and (6) intentional infliction of emotional distress. *See id.* at 3-10. He seeks monetary damages under multiple avenues for recovery; for example, he seeks (1) $5,000 for every time that each defendant failed to act to prevent his injuries or $15,000,000.00, whichever is greater, and (2) $1,000 for each day of "unlawful behaviors for each defendant, or $5,000,000.00, whichever is greater." *See id.* at 6. He also seeks various declaratory judgments and forms of injunctive relief. *See id.* at 10-11.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward

---

[4] As he apparently did in his petition with the Tax Court, Kennedy refers to the defendants (and possibly the other I.R.S. agents and employees) as "Bandits." *See, e.g.*, Compl. at 5.

5

> this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Kennedy is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.**     **Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Kennedy leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint

is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

7

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Kennedy bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### C. Analysis

As noted above, Kennedy asserts only state-law claims and invokes this court's diversity jurisdiction to hear the case. The diversity jurisdiction statute, 28 U.S.C. § 1332, grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, while Kennedy generally asserts that he "is one of the people of Pennsylvania," *see* Compl. at 1 (emphasis omitted), he does not include any allegations about the citizenship of the defendants.[5] Therefore, Kennedy has failed to plead that this court

---

[5] The IRS is entitled to sovereign immunity. *See Cooper v. C.I.R.*, 718 F.3d 216, 220 (3d Cir. 2013) (citing *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995)). While "section 6213 of the Internal Revenue Code provides the sole waiver to sovereign immunity that authorizes a taxpayer to challenge a federal

has subject-matter jurisdiction over this action because he has failed to include sufficient allegations to establish the citizenship of the parties so that the court can determine that the parties are completely diverse for purposes of section 1332(a).[6]

The court also notes that to the extent that Kennedy is seeking a review of the Tax Court proceedings, this court lacks jurisdiction to do so. Instead, as Kennedy apparently already realizes, he must file an appeal with the Third Circuit Court of Appeals. *See* 26 U.S.C. § 7482(a)(1) ("The United States Courts of Appeals . . . shall have exclusive jurisdiction to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury . . . .").

### III. CONCLUSION

As explained above, the court finds that Kennedy cannot prepay the costs of suit and will grant the IFP Application. The court will also dismiss the complaint without prejudice for lack of subject-matter jurisdiction, and will give Kennedy a period of 30 days to file an amended complaint in the event he can cure the defects in the complaint identified above.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

income tax prepayment deficiency notice[,] a taxpayer who receives a taxpayer prepayment deficiency notice has but one venue to seek a redetermination: the Tax Court." *Id.* at 220-21 (citing 26 U.S.C. § 6213(a)). Thus, the IRS cannot be subjected to suit with respect to Kennedy's tort claims. In any event, Kennedy must still plead sufficient allegations regarding the citizenship of the remaining defendants.

[6] Other than the IRS, the other defendants in this action are individuals. For diversity jurisdiction purposes, an individual is a citizen of the state where he or she is domiciled, meaning the state where the individual is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("A party's citizenship is determined by her domicile, and the domicile is his true, fixed and permanent home and place of habilitation. It is the place to which, whenever he is absent, he has the intention of returning." (citation and internal quotation marks omitted)).