IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-3442 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF TREASURER OF THE UNITED STATES, UNITED STATES POSTAL SERVICE, INTERNAL REVENUE SERVICE, DAVID JOHN KAUTTER, BRIAN S. JONES, WILLIAM M. PAUL, BRUCE K. MENEELY, NANCY B. ROMANO, HARRY J. NEGRO, R. B. SIMMONS, MICHAEL WRIGHT, STEVEN TERNER MNUCHIN, JOVITA CARRANZA, MEGAN BRENNAN, and THOMAS MARSHALL, all persons in their official and individual capacities, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                November 14, 2018

The *pro se* plaintiff filed this civil action initially asserting only state-law claims against the Internal Revenue Service ("IRS") and numerous individuals (seemingly IRS officials, employees, or agents) after the IRS placed liens on his assets due to balances he owed for taxable years 2006 and 2007. The plaintiff is proceeding *in forma pauperis*. The court reviewed the complaint and determined that the plaintiff failed to demonstrate that the court has subject-matter jurisdiction over the action because he failed to include sufficient allegations to establish the citizenship of the parties. The court also noted that the court also lacked jurisdiction to consider

any claims seeking review of Tax Court proceedings. Based on these conclusions, the court dismissed the complaint, but provided the plaintiff with leave to file an amended complaint within 30 days.

The plaintiff timely filed an amended complaint, which the court has screened under 28 U.S.C. § 1915(e)(2)(B). Although the plaintiff has changed some of the named defendants and has attempted to add federal claims to his existing state-law claims, he has nonetheless failed to include allegations alleging a plausible claim over which this court has subject-matter jurisdiction. Accordingly, the court will dismiss the amended complaint.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The court previously described the allegations in the original complaint and the procedural history of this matter as follows:

> [T]he *pro se* plaintiff, Edward Thomas Kennedy ("Kennedy"), filed a petition against the Commissioner of the Internal Revenue Service in the United States Tax Court on June 11, 2018. *See Kennedy v. Comm'r of Internal Revenue*, No. 011586-18 (U.S. Tax Ct.).[1] On August 3, 2018, the Commissioner, through its counsel, Brian S. Jones, Esquire, who is a named defendant in the instant action, filed a motion to dismiss for lack of jurisdiction. *See* Compl., Ex. 2, Doc. No. 2.[2] In the motion, the Commissioner argued that the tax court lacked jurisdiction because
>
>> no notice of determination authorized by I.R.C. §§ 6320 or 6330, to form the basis for a petition to this Court, has been sent to [Kennedy] with respect to taxable years 2001 through 2017, nor has respondent made any other determination with respect to [Kennedy's] taxable years 2001 through 2017 that would confer jurisdiction on this Court.
>
> Compl., Ex. 2 at ECF p. 29.
>
> The Commissioner also described Kennedy's underlying petition in the motion.[3] In this regard, the Commissioner indicated that Kennedy had asserted

---

[1] A copy of the docket entries in this Tax Court matter can be located at: https://www.ustaxcourt.gov/UstcDockInq/DocketDisplay.aspx?DocketNo+18011586.
[2] Kennedy attached a copy of the motion to the complaint. *See* Compl., Ex. 2.
[3] Although Kennedy attaches a document titled "Law of the Case" to the complaint, he did not attach the petition.

2

four causes of action: trespass; trespass on this case; trespass on this case—vicarious liability; and failure to provide a republican form of government. *See id.* at ECF p. 30. Kennedy also "characterize[d] several high ranking government officials and the Internal Revenue Service in general as 'bandits.'" *Id.*

The Commissioner construed Kennedy's petition as an "attempt[] to challenge the appropriateness of the alleged filing of Federal Tax Liens for the taxable years 2001 through 2017." *Id.* at ECF p. 31. Apparently, the Commissioner retrieved transcripts for taxable years 2001 through 2017 and determined that Kennedy had balances owed for the taxable years 2006, 2007, and 2016. *Id.* On April 8, 2011, the IRS placed liens on Kennedy's assets "due to balances owed for taxable years 2006 and 2007." *Id.* On April 12, 2011, the Commissioner "issued a Notice of Lien Filing and right to Collection due process hearing as to taxable years 2006 and 2007." *Id.* at ECF pp. 31-32. Kennedy did not request a due process hearing, so the Commissioner "did not make or issue a determination that would confer jurisdiction to the Court as to the liens that were filed for taxable years 2006 and 2007." *Id.* at ECF p. 32. As for the taxable year 2016, the Commissioner's records indicated "that no collection action has been taken as to [Kennedy's] unpaid balance." *Id.*

On August 6, 2018, the Tax Court ordered Kennedy to file a response to the motion to dismiss for lack of jurisdiction. *See* Docket, *Kennedy v. Comm'r of Internal Revenue*, No. 011586-18 (U.S. Tax. Ct.). Kennedy filed his objection to the motion the next day. *See id.* On August 8, 2018, Chief Judge Foley entered an order granting the motion to dismiss for lack of jurisdiction. *See id.* It appears that Kennedy filed an appeal from this decision to the United States Court of Appeals for the Third Circuit. *See id.*

On August 13, 2018, Kennedy brought the instant action by filing an application for leave to proceed *in forma pauperis* (the "IFP Application") and a proposed complaint. *See* Doc. Nos. 1, 2. In the complaint, Kennedy asserts that the court has diversity jurisdiction over this matter. *See* Compl. at 1, Doc. No. 2. He seeks to have the court "Order Defendants to Stop Stealing from [him], Return all Stolen Funds . . . to [him] Nunc Pro tunc, Remove all Tax Liens and Tax Levies nunc pro tunc, and pay [him] damages for his injuries described in the six Causes of Action herein." *Id.* at 2.

Regarding the substantive allegations in the complaint, Kennedy claims that he does not have a contract with the IRS, which he characterizes as a debt collector that is unlicensed to act as such in the Commonwealth of Pennsylvania. *See id.* He claims that the Internal Revenue Code is not law "and have [sic] no lawful status in this court of record." *Id.* He also believes that "no Defendant Commissioner Internal Revenue Service have a lawful oath of office, which invalidates [the IRS's] tax levy, tax liens and claims for funds against [him]." *Id.* at 2-3.

3

> Kennedy also notes that while before the Tax Court he "objected to the fact Modern Attorney Jones and his Modern Attorney bosses failed to declare and/or swear under penalty of perjury that their paperwork is true and correct, probable evidence of their intent to lie, mislead, misconstrue, misrepresent and/or put false information into the US [sic] Tax Court." *Id.* at 3. Nonetheless, "Modern Attorney Brian S. Jones and his Modern Attorney bosses did put false data into the case, and thus lied, mislead [sic], misconstrued, misrepresented information into the United States Tax Court." *Id.* In addition, as Kennedy believes that the Internal Revenue Code is not relevant in the Tax Court (insofar as it is purportedly a court of record and not an administrative court), the defendants exceeded their jurisdiction when Brian S. Jones "pleaded statutes and codes." *See id.*
>
> Kennedy asserts that IRS employees or agents have stolen funds from him on seven occasions since January 2018.[4] *See id.* at 5, 9. More specifically, it appears that the defendants have taken approximately $238.95 per month from him. *See id.* at 9. These acts purportedly deprived Kennedy of his liberty. *See id.*
>
> Based on the aforementioned allegations, Kennedy asserts six causes of action: (1) trespass, (2) trespass on the case, (3) "trespass on the case—vicarious liability," (4) "failure to provide a republican form of government," (5) trover, and (6) intentional infliction of emotional distress. *See id.* at 3-10. He seeks monetary damages under multiple avenues for recovery; for example, he seeks (1) $5,000 for every time that each defendant failed to act to prevent his injuries or $15,000,000.00, whichever is greater, and (2) $1,000 for each day of "unlawful behaviors for each defendant, or $5,000,000.00, whichever is greater." *See id.* at 6. He also seeks various declaratory judgments and forms of injunctive relief. *See id.* at 10-11.

*See* Mem. Op. at 2–5 (footnotes and alterations in original), Doc. No. 4.

After reviewing the IFP Application and the complaint, the court entered an order and a memorandum opinion on September 21, 2018, which (1) granted the IFP Application, (2) dismissed the complaint without prejudice for lack of subject-matter jurisdiction, and (3) provided Kennedy with a period of 30 days to file an amended complaint. *See* Doc. Nos. 4, 5. Seemingly in response to this order, Kennedy filed four documents with the clerk of court on September 26, 2018.

---

[4] As he apparently did in his petition with the Tax Court, Kennedy refers to the defendants (and possibly the other I.R.S. agents and employees) as "Bandits." *See, e.g.*, Compl. at 5.

The first document is a motion for authorization to file electronically. Doc. No. 8. The second document is titled, "Take Judicial Notice Take Judicial Cognizance." Doc. No. 6. In this document, Kennedy, *inter alia*, (1) attempts to suspend the undersigned from attempting to dismiss this case, (2) claims that this court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1346 and 1361, (3) asserts that he can appeal from any "mistakes in law or fact" directly to the United States Supreme Court and "its common law Judge, Samuel Anthony Alito," (4) requests that the court require Thomas Marshall, William M. Paul, Bruce K, Meneely, Nancy B. Romano, Harry J. Negro, and Brian S. Jones to post bonds to cover their official and individual liability in this case, and (5) "objects to the Universal Charter of the Judge, THE UNIVERSAL CHARTER OF THE JUDGE, and demands the Judge to disclose membership in [the] International Association of Judges if he is a member." *See* Take Judicial Notice Take Judicial Cognizance at 1-2.

The third document is titled, "Motion for US Marshal Service to Provide Service of Process and Objections." Doc. No. 7. In this document, Kennedy, *inter alia*, (1) seeks to have the court direct the Marshal's Service serve process "without delay," (2) objects to the terms "*pro se*" and "*in forma pauperis*" because they are "pig latin" and are "disrespectful to the latin language and latin races," (3) objects to "editorialized memorandum opinions that conflict with the Law of the Case, Exhibit 1," and (4) informs the court that he is a "life time [sic] member of a private member association, the . . . Miller Farm of Bird in Hand, Pennsylvania," but is not a member of the Pennsylvania bar and, as such, he need not comply with the bylaws of the Pennsylvania bar. Mot. for US Marshal Service to Provide Service of Process and Objs. at 1–2.

The final document is a 39-page amended complaint with a ten-page "Law of the Case" attachment. Doc. No. 10. In the amended complaint, Kennedy has once again asserted claims

5

against the IRS and the following individual defendants: Brian S. Jones, William M. Paul, Bruce K. Meneely, Nancy B. Romano, Harry J. Negro, David John Kautter, R. B. Simmons, and Michael Wright. *See* Compl. at 1. Kennedy has also added the Commonwealth of Pennsylvania, the United States Department of the Treasury, the Office of Treasurer of the United States, the United States Postal Service, Steven Terner Mnuchin, Jovita Carranza, Megan Brennan, and Thomas Marshall, as defendants, and he has removed Douglas Shulman, Mark Everson, Charles Rossotti, and John Koskinen as defendants. *Compare* Compl. at 1, *with* Am. Compl. at 1.

The amended complaint contains many of the same types of allegations Kennedy included in the original complaint. Kennedy once again alleges that he has no contract with the IRS or with the individual defendants. *See* Am. Compl. at 8. He claims that the IRS is a "debt collector" and "has no license as a debt collector in the Commonwealth of Pennsylvania." *Id.* He believes that the Internal Revenue Code is "not law, and ha[s] no foundation in law and ha[s] no legislative foundation." *Id.*

Kennedy asserts that "Modern Attorney Brian S. Jones and his Modern Attorney bosses . . . put false data into the case, and thus lied, mislead [sic], misconstrued, [and] misrepresented information into the United States Tax Court, also a court of record."[5] *Id.* at 9. In addition, IRS employees "repeatedly stole funds from Kennedy from January 2018 to present." *Id.* at 11. Kennedy has attempted to acquire the names and identification information of several IRS employees, but his requests were denied. *See id.* at 11–13. He submitted "Affidavits of Identity Theft," but the IRS employees have not responded to those affidavits and have not granted him

---

[5] Kennedy alleges that Steven Terner Mnuchin "is the boss of all Defendants and is responsible for all injuries and damages done to [him] by Defendant IRS Commissioners and Modern Attorneys." Am. Compl. at 10.

"relief from [the IRS's] false claims to debts and tax."[6] *Id.* at 12. The IRS also failed to return his property that it stole in support of a criminal enterprise. *See id.*

The defendant, R. B. Simmons, wrote a letter to Kennedy indicating that "any potential levy on your Social Security has been blocked during this investigation." *Id.* at 14. Nonetheless, on March 28, 2018, the IRS levied on Kennedy's social security, which he claims "violated [his] rights and violated [his] due process rights by taking [his] property, in support of the criminal enterprise." *Id.* at 13, 14.

Kennedy also complains about the defendants not providing documents responsive to his Freedom of Information Act ("FOIA") requests. *See id.* at 14–15. He faults the defendants for not recognizing that he "has a vested property right to a copy of the records responsive to [his] FOIA requests, and to [his] requests for tax records." *Id.* at 15.

Overall, although obscured due to the lack of clarity in his allegations along with the numerous legal conclusions, repetitive statements, and nonsensical legal assertions contained in the amended complaint, it appears that Kennedy is unhappy that the IRS garnished his social security to cover his tax debts. He also appears to suggest that the United States Postal Service and its employees, including Postmaster General Megan Brennan, are liable because the IRS and its employees used the mail to send relevant documents to him. *See, e.g.*, *id.* at 18.

Based on the aforementioned allegations in the amended complaint, Kennedy asserts causes of action for (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), (3) misappropriation of chattel, (4) trespass, (5) trespass on the case, (6) trespass on the case – vicarious liability, (7) failure to provide a republican form of government, (8) trover, (9)

---

[6] Kennedy appears to be alleging that he has been "a victim of Identity Theft for many years and . . . false amended tax returns were filed in his name, and not signed by him." Am. Compl. at 12. In particular, he claims he did not file amended tax returns for the years 2001 through 2016 (or 2017). *See id.*

intentional infliction of emotional distress, and (10) negligence. *See id.* at 19–35. Kennedy seeks declaratory and injunctive relief, as well as millions of dollars in damages. *See id.* at 35–39.

Regarding Kennedy's submissions other than the amended complaint, the court entered an order on September 27, 2018, which (1) denied the "Take Judicial Notice Take Judicial Cognizance" to the extent it sought any relief, (2) denied the "Motion for US Marshal Service to Provide Service of Process and Objections," and (3) denied without prejudice the "Motion for Authorization to File Electronically." *See* Order at 1–2, Doc. No. 9. On October 1, 2018, the court received another document from Kennedy. Doc. No. 11. It appears through this document, titled "Judicial Notice," that Kennedy is attempting to act as a court and part of the document reflects the law that Kennedy believes should apply to this case. *See, e.g.*, Judicial Notice at ECF pp. 1–4. Kennedy also attaches to this document a "WRIT OF ERROR QUAE CORAM NOBIS RESIDENT," in which he purports to, *inter alia*, rescind the court's rulings in the order entered on September 27, 2018. *See id.* at ECF p. 7.

## II. DISCUSSION

### A. Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction

Because the court has granted Kennedy leave to proceed *in forma pauperis*, the court must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is

8

immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Kennedy bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### B. Analysis

#### 1. Kennedy's Attempt to Have This Court Review His Tax Court Proceedings

As noted above, Kennedy alleges that "Modern Attorney Brian S. Jones and his Modern Attorney bosses did put false data into the case, and thus lied, mislead, misconstrued, [and] misrepresented information into the United States Tax Court, a court of record." Am. Compl. at 9. A number of Kennedy's allegations appear to pertain to his disapproval over what occurred in the Tax Court. *See, e.g. id.* at ¶¶ 41–46. As the court previously explained to Kennedy in dismissing the original complaint, to the extent that he is seeking a review of the Tax Court proceedings, this court lacks jurisdiction to do so. Instead, as Kennedy apparently already realizes, he must file an appeal with the Third Circuit Court of Appeals. *See* 26 U.S.C. § 7482(a)(1) ("The United States Courts of Appeals . . . shall have exclusive jurisdiction to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury . . . .").

## 2. Kennedy's RICO Claims

Kennedy contends that the defendants' actions have violated RICO because they have (1) obstructed justice in violation of 18 U.S.C. § 1519, (2) concealed and removed official records in violation of 18 U.S.C. § 2071, (3) conspired to defraud the United States in violation of 18 U.S.C. § 371, through mail fraud in violation of 18 U.S.C. § 1341, and (4) made false statements in violation of 18 U.S.C. § 1001. *See* Am. Compl. at 3–5, 16–17, 19, 20–23. The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). Section 1962 provides, in relevant part:

> **(c)** It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> **(d)** It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962(c)-(d).

To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (footnote omitted). The RICO statute defines "racketeering activity" by enumerating a list of predicate acts. *See* 18 U.S.C. § 1961(1). Out of all the predicate criminal acts alleged by Kennedy, only violations of 18 U.S.C. 1341 (mail fraud) are included in RICO's exhaustive list of predicate racketeering acts. *See* 18 U.S.C. § 1961(1); *see also St. Clair v. Citizens Fin. Grp.*, 340 F. App'x 62, 66 (3d Cir. 2009) (per curiam) (noting that list of predicate acts for RICO is "exhaustive"). "Where acts of mail and wire fraud

constitute the alleged predicate racketeering acts, those acts are subject to the heightened pleading requirement of Rule 9(b)" of the Federal Rules of Civil Procedure. *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 657-58 (3d Cir. 1998)). Thus, "allegations of [RICO] predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993).

Here, Kennedy's amended complaint fails to adequately plead a RICO violation based upon predicate acts of mail fraud. Kennedy essentially faults the defendants for using the mail as a means to send him notices of tax deficiencies and other documents. These types of conclusory statements regarding the use of the mail are insufficient to state a plausible civil RICO claim. *See, e.g.*, *Jung v. Bank of Am., N.A.*, Civ. A. No. 3:16-CV-704, 2016 WL 5929273, at *10 (M.D. Pa. Aug. 2, 2016) (determining that "conclusory statements that unspecified Defendants utilized mail as a general means of communication" were "wholly insufficient to state a valid RICO claim"). Accordingly, the court will dismiss Kennedy's RICO claims.[7]

### 3. Kennedy's FDCPA Claims

Kennedy asserts that the IRS and its employees, such as David John Kautter, Michael Wright, and R. B. Simmons, violated the FDCPA "with the intent to permanently deprive [him] and cause [him] to be financially responsible for false debts." Am. Compl. at 26. He argues that because of this violation, he has "suffered the loss of valuable property, financial services and support, and suffered other physical, mental, business and pecuniary damages." *Id.*

---

[7] To the extent that Kennedy seeks damages for his mental and emotional distress, those types of injuries are not injuries to "business or property" for purposes of RICO. *See Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) ("Mental distress, emotional distress, and harmed reputations do not constitute injury to business or property sufficient to confer standing on a RICO plaintiff" and explaining that "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest").

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA is limited to "consumer debt." *See Heintz v. Jenkins*, 514 U.S. 291, 293 (1995) (explaining that FDCPA "limits 'debt' to consumer debt, *i.e.*, debts 'arising out ... transaction[s]' that 'are primarily for personal, family, or household purposes.'" (quoting 15 U.S.C. § 1692a(5)). Taxes are not a "debt" under the FDCPA, because "[t]axes are used for more general purposes; they are not limited to the statutory purposes." *Staub v. Harris*, 626 F.2d 275, 278 (3d Cir. 1980). Moreover, the IRS and its agents are not debt collectors for purposes of the FDCPA. *See Al-Sharif v. United States*, 296 F. App'x 740, 742 (11th Cir. 2008) (per curiam) (explaining that "the term 'debt collector' does not include an 'officer or employee of the United States ... to the extent that collecting or attempting to collect any debt is in the performance of his official duties[]'" (quoting 15 U.S.C. § 1692a(6)(C)). Therefore, Kennedy cannot maintain his FDCPA claims against the IRS, David John Kautter, Michael Wright, or R. B. Simmons.[8]

### 4. Kennedy's Claim for the Failure to Provide a Republican Form of Government

Kennedy faults the defendants for failing "to provide a republican form of government." Am. Compl. at 31–32. He argues that "[t]he business model of [the IRS] and the United States Postal Service is based on a foundation of deceptions, lies and fraud." *Id.* at 31. He asserts that Secretary Steven Terner Mnuchin "breached his oath of office and violated [the] Sarbanes-Oxley Act [o]f 2002 in his private business schemes." *Id.* at 32 (footnote omitted). Kennedy also argues that Secretary Mnuchin, Jovita Carranza, Megan Brennan, and Thomas Marshall have

---

[8] To the extent that Kennedy's allegations could extend to any of the other named defendants, this analysis applies to his claims against them as well.

failed to "report any information that a crime or crimes have been committed," and that 21 trillion dollars is missing from the United States government. *Id.*

"Article III of the United States Constitution limits the power of the federal judiciary to 'cases' and 'controversies.'" *Cottrell v. Alcon Labs.*, 874 F.3d 154, 161 (3d Cir. 2017). In addition,

> [t]he plaintiff, "as the party invoking federal jurisdiction," bears the burden of establishing the minimal requirements of Article III standing: "(1) ... an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

*Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)) (second alteration in original and footnote omitted). As such,

> a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

*Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (internal quotation marks and citation omitted); *see Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 259 (3d Cir. 2009) ("[T]he Supreme Court repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law." (internal quotation marks omitted)).

With respect to this claim, Kennedy appears to seek the provision of a republican form of government on behalf of the public at large. Nothing in the amended complaint provides a basis for concluding that Kennedy has standing to challenge any alleged violations of the Sarbanes-Oxley Act of 2002 or the failure to report such violations. Accordingly, the court will dismiss Kennedy's claim for "failure to provide a republican form of government" for lack of standing.[9]

---

[9] Even if Kennedy had standing, it appears that this claim is frivolous.

### 5. Kennedy's State Law Claims

Kennedy's remaining claims are state-law tort claims for misappropriation of chattel property, trespass, trespass on the case, trespass on the case – vicarious liability, trover, intentional infliction of emotional distress, and negligence. Because the court has dismissed Kennedy's federal claims, the court will not exercise supplemental jurisdiction over his remaining state-law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution] if . . . **(3)** the district court has dismissed all claims over which it has original jurisdiction."); *see also Cindrich v. Fisher*, 341 F. App'x 780, 789 (3d Cir. 2009) ("[I]n most cases, pendent state law claims should be dismissed without prejudice 'where the claim over which the district court has original jurisdiction is dismissed before trial.'" (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995))). Therefore, the only independent basis for jurisdiction over any such claims is the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

Section 1332 grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* This section requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, while Kennedy generally asserts that

he "is one of the people of Pennsylvania," Am. Compl. at 1, and seeks more than $75,000 in damages, he has failed to include allegations about the citizenship of the defendants.[10] Accordingly, Kennedy has failed to meet his burden of demonstrating that this court has an independent basis for subject-matter jurisdiction over his state-law claims.[11]

### III. CONCLUSION

For the foregoing reasons, the court will dismiss Kennedy's amended complaint. With regard to his claims seemingly seeking review of the Tax Court proceedings, the court will dismiss those claims without prejudice for lack of subject-matter jurisdiction. Concerning his federal claims under RICO and the FDCPA, the court will dismiss those claims with prejudice for failure to state a claim. The court will also dismiss his claim that the defendants have somehow failed to provide a republican form of government for lack of standing.

Additionally, as the court is dismissing all of Kennedy's federal claims, the court declines to exercise supplemental jurisdiction over his state-law tort claims. There is also no independent basis for subject-matter jurisdiction over these claims, so the court will dismiss those claims without prejudice to Kennedy raising them in a state court.

The court has already provided Kennedy with an opportunity to amend his complaint, and he has failed to include any allegations giving rise to a plausible basis for a claim over which this court has jurisdiction. The court concludes that allowing Kennedy an additional attempt to

---

[10] Many of the other defendants in this action are individuals. For diversity jurisdiction purposes, an individual is a citizen of the state where he or she is domiciled, meaning the state where the individual is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("A party's citizenship is determined by her domicile, and the domicile is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." (citation and internal quotation marks omitted)). Kennedy has failed to include allegations about the individual defendants' domiciles.

[11] The court again notes that the IRS is entitled to sovereign immunity. *See Cooper v. C.I.R.*, 718 F.3d 216, 220 (3d Cir. 2013) (citing *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995)). While "section 6213 of the Internal Revenue Code provides the sole waiver to sovereign immunity that authorizes a taxpayer to challenge a federal income tax prepayment deficiency notice[,] a taxpayer who receives a taxpayer prepayment deficiency notice has but one venue to seek a redetermination: the Tax Court." *Id.* at 220-21 (citing 26 U.S.C. § 6213(a)). Thus, the IRS cannot be subjected to suit with respect to Kennedy's state-law tort claims.

amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (explaining that "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile").[12]

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[12] Providing Kennedy with another attempt to amend his complaint would be futile because (1) the court lacks subject-matter jurisdiction over his claims regarding the Tax Court, (2) he cannot remedy the deficiencies with his federal claims due to the nature of the claims and the parties named as defendants, (3) he cannot cure the standing issue regarding his republican form of government claim, and (4) with respect to his state-law claims, the court provided Kennedy with an opportunity to remedy his pleading deficiencies and explained to him what he had to do, and he completely failed to remedy the deficiencies.