IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-3442 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF TREASURER OF THE UNITED STATES, UNITED STATES POSTAL SERVICE, INTERNAL REVENUE SERVICE, DAVID JOHN KAUTTER, BRIAN S. JONES, WILLIAM M. PAUL, BRUCE K. MENEELY, NANCY B. ROMANO, HARRY J. NEGRO, R. B. SIMMONS, MICHAEL WRIGHT, STEVEN TERNER MNUCHIN, JOVITA CARRANZA, MEGAN BRENNAN, and THOMAS MARSHALL, all persons in their official and individual capacities, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 2nd day of January, 2019, after considering the "Motion to Compel Assigned Judge to Recuse for Cause" (Doc. No. 14) and "Objection" (Doc. No. 15) filed by the *pro se* plaintiff, Edward Thomas Kennedy ("Kennedy"), it is hereby **ORDERED** as follows:

1.    The "Motion to Compel Assigned Judge to Recuse for Cause" (Doc. No. 14) is **DENIED**;[1]

---

[1] In this motion, Kennedy seeks the recusal of the undersigned pursuant to 28 U.S.C. § 455(a), which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Kennedy questions the "judicial impartiality of the judge in this case due to controversy concerning the birth and thus legitimacy of the Presidency of Barack Obama." Mot. to Compel Assigned Judge to Recuse for Cause at 4, Doc. No. 14. Essentially, Kennedy suggests that President Obama was not a legitimate president and that therefore the undersigned, whom President Obama appointed, has injured him.

2.   The "Objection" (Doc. No. 15), which the court has construed as a motion for reconsideration, is **DENIED**.[2]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

Kennedy's motion simply provides no legitimate reason for why the undersigned should recuse himself from this matter.  As such, the court denies the motion.

[2] A district court may grant a motion for reconsideration if (1) an intervening change in controlling law has occurred, (2) new evidence has become available, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

By memorandum opinion and order entered on November 14, 2018, the court dismissed Kennedy's amended complaint.  *See* Doc. Nos. 12, 13.  Specifically, the court (1) dismissed any claims seeking review of Tax Court proceedings without prejudice for lack of subject-matter jurisdiction, (2) dismissed any federal claims with prejudice, (3) dismissed Kennedy's claim that the defendants had failed to provide a republican form of government without prejudice, and (4) dismissed any state-law claims without prejudice for lack of subject-matter jurisdiction.  *See* Doc. Nos. 12, 13.  The court did not give Kennedy leave to file a second amended complaint.  *See* Order at 2, Doc. No. 13.

Kennedy now states that he "[o]bjects to the document titled 'Order' filed 11/14/2018, signed by Edward G. Smith for it violates the Law of the Case."  *See* Obj. at 1.  Kennedy has failed to put forward any plausible argument as to why the court should reconsider the conclusions set forth in the November 14, 2018 memorandum opinion and order.  He has not identified any intervening change in the controlling law (although he claims to have established his own legal principles for how the court is to decide the case in his "Law of the Case"), he has not identified any new evidence, he has not identified any error of law, and he has not demonstrated that the court must grant reconsideration to prevent manifest injustice.